1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARTIN FRUTOS, JR.,

11              Plaintiff,                    No. CIV S-04-2361 ALA P

12        vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,
14
                Defendants.              ORDER
15   _____/

16          Plaintiff Martin Frutos, Jr., is a state prisoner proceeding pro se with a civil rights action

17   pursuant to 42 U.S.C. § 1983.  Mr. Frutos has filed a complaint alleging violations of his rights

18   under the First and Fourteenth Amendments.  He seeks compensatory and punitive damages as

19   well as declaratory and injunctive relief.  Defendants have filed a motion to dismiss asserting

20   that they are entitled to qualified immunity.  Mr. Frutos has filed an opposition to Defendant's

21   motion to dismiss.  For the reasons set forth below, Defendant's motion to dismiss is granted in

22   part and denied in part.

23                                          **I**

24          On or about November 16, 2001, Barnes & Noble sent Plaintiff a book entitled "Law of

25   Civil RICO," by Douglas Abrams.  On November 19, 2001, Plaintiff was informed that he could

26   not receive the book because the book was hardbound.  Plaintiff filed an administrative appeal

1

1  citing his First and Fourteenth Amendment rights and noting that the book was sent by an

2  institutionally approved vendor.  Plaintiff was informed that the institution prohibited hardbound

3  books, or the removing of the hard cover, and that his appeal was denied.  Plaintiff then filed this

4  action, which Defendants seek to have dismissed.

5                                              II

6         In considering a motion to dismiss, the court must accept as true the allegations of the

7  complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976),

8  construe the pleading in the light most favorable to the party opposing the motion and resolve all

9  doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, reh'g denied, 396 U.S.

10  869 (1969).  Moreover, pro se pleadings are held to a less stringent standard than those drafted

11  by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state

12  a claim should not be granted unless it appears beyond doubt that Plaintiff can prove no set of

13  facts in support of the claim that would entitle him to relief.  *See Hishon v. King & Spalding*, 467

14  U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v.*

15  *Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  But, the complaint

16  must contain more than "a formulaic recitation of the elements of a cause of action;" it must

17  contain factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell*

18  *Atlantic Corp. v. Twombly*, __ U.S. __, 2007 WL 1461066, slip op. at 8 (2007).

19                                             III

20         Defendants claim that Plaintiff's complaint should be dismissed because Defendants are

21  entitled to qualified immunity.  Government officials performing discretionary functions

22  generally are shielded from liability for civil damages insofar as their conduct does not violate

23  clearly established statutory or constitutional rights of which a reasonable person would have

24  known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In determining whether a

25  governmental officer is immune from suit based on the doctrine of qualified immunity, the court

26  must answer two questions.  The first is, taken in the light most favorable to the party asserting

1  the injury, do the facts alleged show the officer's conduct violated a constitutional right? *Saucier*

2  *v. Katz*, 533 U.S. 194, 201 (2001).  A negative answer ends the analysis, with qualified immunity

3  protecting defendant from liability.  *Id.*  If a constitutional violation occurred, a court must

4  further inquire "whether the right was clearly established." *Id.*  "If the law did not put the

5  [defendant] on notice that [his] conduct would be clearly unlawful, summary judgment based on

6  qualified immunity is appropriate." *Id*. at 202.

7          Neither the Supreme Court, nor the Ninth Circuit Court of Appeals, have issued a ruling

8  that directly addresses the issue presented in this case.  However, the Supreme Court has upheld

9  a prison regulation requiring that hardbound books be mailed directly from an approved vendor.

10  *Bell v. Wolfish* 441 U.S. 530, 550 (1979).   Further, it is not disputed that Defendants rejected

11  Plaintiff's book pursuant to California Code of Regulations, Title 15, section 3138(f)(1) and

12  Operational Procedure 12C.11(n) and (o), and (12(N)(8).  Thus, even if Plaintiff can show that

13  the actions of the defendants were unconstitutional, Plaintiff cannot show that such actions

14  violated a "clearly established"right or that Defendants were on notice that their conduct was

15  clearly unlawful.  Defendants therefore are entitled to qualified immunity.

16          While Defendants are entitled to qualified immunity, "[q]ualified immunity is an

17  affirmative defense to damage liability; it does not bar actions for declaratory or injunctive

18  relief." *American Fire, Theft & Collision Managers, Inc., v. Gillespie*, 932 F.2d 816, 818 (9th

19  Cir. 1991).  Plaintiff may therefore proceed with this complaint in so far as he seeks declaratory

20  or injunctive relief.

21  /////

22  /////

23                                          **IV**

24          Accordingly, IT IS HEREBY ORDERED that:

25          1. Defendant's motion to dismiss that part of Plaintiff's complaint seeking

26  compensatory and punitive damages is GRANTED; and

1              2. Defendant's motion to dismiss that part of Plaintiff's complaint seeking

2 declaratory or injunctive relief is DENIED.

3 /////

4 DATED: November 1, 2007

5

6                                  /s/ Arthur L. Alarcón

                                 UNITED STATES CIRCUIT JUDGE

7                                  Sitting by Designation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26