IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN FRUTOS, JR.,

       Plaintiff,                      Case No. 2:04-cv-02361 ALA (P)

  vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.                   ORDER
_____/

     Plaintiff Martin Frutos, Jr. is a state prisoner proceeding *in forma pauperis* with a civil rights action brought pursuant to 42 U.S.C. § 1983. Mr. Frutos alleges that California Department of Corrections and Rehabilitation ("CDCR") employees at High Desert State Prison ("HDSP") violated his rights under the First Amendment by refusing to allow him to receive a hardbound book that he purchased via mail order. (Am. Compl. 4). His amended complaint for damages, declaratory relief, and injunctive relief was filed on October 18, 2006 while he was housed at HDSP. (Doc. 22; Am. Compl. 25-28).

     Before this Court is Defendants' Motion for Summary Judgment (Doc. 62). For the reasons stated below, Defendants' motion is granted.

**I**

     Mr. Frutos was housed at HDSP on November 16, 2001, when Barnes and Noble

Booksellers delivered a hardbound legal book that he had ordered. (Pl's. Statement of Undisputed Facts 1-2). CDCR employees refused to deliver the book to Mr. Frutos because HDSP policy forbade prisoners to have hardcover books, and because the action necessary under HDSP policy to transfer the contents of the book to him, without the cover, was unduly burdensome on the CDCR employees. (*Id.* at 2, 5, 8-10). Mr. Frutos was transferred from HDSP to the Correctional Training Facility at Soledad, California on or about May 24, 2006. (Doc. 10).

Mr. Frutos filed his first complaint on October 18, 2006 alleging that his First Amendment rights had been violated because he was not allowed to have the hardcover book.[1] He sought damages, declaratory relief, and injunctive relief. Mr. Frutos's claims for damages were dismissed on November 1, 2007. (Doc. 50). He was appointed counsel on March 4, 2008. (Doc. 66). Defendants have moved for summary judgment. (Doc. 62). Mr. Frutos filed a timely opposition. (Doc. 70).[2]

**II**

Summary judgment is proper where there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In opposing summary judgment, a nonmoving party must "go beyond the pleadings and, by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citing Fed. R. Civ. P. 56(e)). "On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655

---

[1] This case was transferred to this court on July 3, 2007.

[2] Defendants were required to file a reply to My. Frutos's opposition by May 12, 2008. Defendants failed to do so. Defendants were ordered to show cause by May 22, 2008 why they failed to file a reply. (Doc. 71). Defendants filed a response explaining that they believed a reply was optional.

(1962). "The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact." *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). "Once the moving party meets its initial burden, however, the burden shifts to the non-moving party to set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks omitted).

### III

Defendants argue that Mr. Frutos's claims are moot because he is no longer housed at HDSP, and, therefore, the controversy between Mr. Frutos and Defendants no longer exists. (Defs.' Points and Authorities in Supp. of Mot. for Summ. J. 6).

A case or controversy must subsist throughout all stages of litigation. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)) (holding that a former prisoner's release from prison rendered his habeas petition moot because there was no longer a case or controversy as required by Article III, § 2 of the Constitution). If at any time during the course of litigation, the plaintiff ceases to suffer, or be threatened with, "an actual injury [that is] traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot. *Spencer*, 523 U.S. at 7; *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (holding that a prisoner's civil rights action seeking injunctive relief that was brought under 42 U.S.C. § 1983 was moot because, after having been transferred from state to federal custody, he was no longer subject to the regulations that he sought relief from). When a prisoner seeking injunctive relief from a certain prison's regulations ceases to be housed in that facility, the case or controversy then ceases to exist and the matter is moot. *Johnson*, 948 F.2d at 519.

An exception to the mootness doctrine applies to claims that are "capable of repetition, yet evading review." *Spencer*, 523 U.S. at 18. A plaintiff attempting to invoke this exception must make two showings. *Id.* First, that the challenged action is too short in duration to be fully litigated prior to its cessation or expiration. *Sample v. Johnson*, 771 F.2d 1335, 1339 (9th Cir. 1985) (holding that twenty day and six month time limits were too short for full adjudication of plaintiffs' claims and that longshoremen returning to work in a hazardous occupation after

1  having been injured was insufficient to establish a likelihood of re-injury). Second, that there is
2  a "demonstrated probability" that the plaintiff will be subjected to the specific action at issue
3  again. *Id.* at 1339-40 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). In the case of
4  a prisoner's claim for injunctive relief based on civil rights where that prisoner is no longer
5  housed at the allegedly offending facility, that prisoner must demonstrate a reasonable
6  expectation of returning to that facility. *Johnson*, 948 F.2d at 519.

7       Mr. Frutos is not subject to HDSP's hardcover book policy because he is no longer
8  housed at HDSP. Furthermore, he has not alleged any facts that provide a basis for a reasonable
9  belief that he will ever be housed at HDSP again in the future. *See Johnson*, 948 F.2d at 519
10 (holding that a prisoner's civil rights claim for injunctive relief under 42 U.S.C. § 1983 was
11 moot because he was no longer housed at the offending facility, and that to except a claim from
12 the mootness doctrine, such a claimant must show that he has a reasonable expectation of
13 returning to that facility).

14      No case or controversy for which relief can be granted currently exists between Mr.
15 Frutos and Defendants. Furthermore, the record is devoid of any evidence demonstrating a
16 probability that Mr. Frutos will again be subject to HDSP's policy on hardbound books.
17 Therefore, Defendants' motion is granted and the case is dismissed.
18 ///
19      Accordingly, **IT IS HEREBY ORDERED** that:
20     1.    Defendants' Motions for Summary Judgment (Doc. 62) is GRANTED.
21     2.    The case is dismissed.
22 ///
23 DATED: May 29, 2008

                                                     /s/ Arthur L. Alarcón
                                                     UNITED STATES CIRCUIT JUDGE
                                                     Sitting by Designation